# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| KELLIE JANDRESKI, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:24-cv-00835-GMN-MDC |
| vs. | ) | |
| | ) | **ORDER GRANTING MOTION TO** |
| SMITH'S FOOD & DRUG CENTERS, INC., | ) | **DISMISS** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Pending before the Court is the Motion to Dismiss ("Mot. Dismiss"), (ECF No. 8), filed by Defendant Smith's Food and Drug Centers, Inc.  Plaintiff Kellie Jandreski did not file a Response, and the deadline to do so has passed.

For the reasons discussed below, the Court **GRANTS** Defendant's Motion to Dismiss because Plaintiff failed to timely serve Defendant under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 4 and Nevada Rules of Civil Procedure ("NRCP") 4.

## I.    BACKGROUND

This case arises from Defendant's s alleged discrimination and retaliation against its employee, Plaintiff Kellie Jandreski. (*See generally* Compl., Ex. 1 to Pet. Removal, ECF No. 1-1).  After filing this lawsuit in state court, Plaintiff attempted to complete service of process by mailing a copy of the Complaint and Summons to Defendant. (Pl.'s Service Attempts at 1, Ex. B to Decl. Kathryn Lisby to Ex. 4 to Mot. Dismiss, ECF No. 8-4).  Plaintiff's Summons was not signed by the clerk of court, nor did it bear the Nevada court's seal. (Summons at 2–3, Ex. 2 to Mot. Dismiss, ECF No. 8-2).  Defendant later removed this action based on federal question jurisdiction, (Pet. Removal, ECF No. 1), and filed the instant Motion to Dismiss, (ECF No. 8).

## II. <u>LEGAL STANDARD</u>

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Fed. R. Civ. P.] 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988); *see also Murphy Bros., Inc. v. Mitchell Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant."). Because Plaintiff originally filed her Complaint in state court, Defendant's Motion must be decided under Nevada law and thus the Court looks to the NRCP. *Lee v. City of Beaumont*, 12 F.3d 933, 936–37 (9th Cir. 1993) (noting that "[t]he issue of the sufficiency of service of process prior to removal is strictly a state law issue"), *overruled on other grounds by Cal. Dep't Water Res. v. Powerex Corp.*, 53 F.3d 1087, 1091 (9th Cir. 2008). NRCP 4(d)(2) requires service of process be made upon a foreign corporation or non-resident entity's agent or representative in-state or, if no such agent or representative is available in-state, then upon the secretary of state or deputy secretary of state. Further, NRCP 4(e)(2) permits personal service out-of-state.

When applying the NRCP, the Court may look to the corresponding Fed. R. Civ. P. for guidance. *Am. Home Assurance Co. v. The Eighth Judicial Dist.*, 147 P.3d 1120, 1238 n.28 (Nev.2006); *Lawler v. Ginochio*, 584 P.2d 667, 668 (Nev. 1978). In federal court, Fed. R. Civ. P. 4 governs the service of process. When a party brings a motion to dismiss for insufficiency of service of process under Fed. R. Civ. P. 12(b)(5),[1] the court may choose to dismiss the action or quash service. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1354 (3d ed. 2008). Courts have broad discretion to dismiss the action or quash service. *Id.* However, the Court should be mindful that if the defendant likely can be served, quashing

---

[1] Under the Nevada Rules of Civil Procedure, motions to dismiss for insufficiency of process are authorized under Rule 12(b)(4).

service avoids duplicative action on the part of the plaintiff. *Id.*  Thus, mindful that plaintiffs should not be denied their day in court because of a technical oversight, federal courts frequently retain the action and permit the plaintiff an opportunity to re-serve the plaintiff. *See Surowitz v. Hilton Hotel Corp.*, 383 U.S. 363, 373 (1966) ("[T]he basic purpose of the Federal Rules is to administer justice through fair trials, not through summary dismissals.").

### III.   DISCUSSION

At the outset, the Court notes that Plaintiff failed to respond to the Motion to Dismiss. "On its own, Plaintiff's failure to file points and authorities in opposition to a motion constitutes consent that the motion be granted." *Gonzalez v. Bank of America, N.A.*, No. 2:13-cv-00460, 2013 WL 3877708, at *2 (D. Nev. July 24, 2013) (citing Local Rule 7-2(d)). Notwithstanding Plaintiff's failure to oppose the Motion, the Court addresses the merits of Defendant's request to dismiss Plaintiff's case.  Defendant argues that Plaintiff failed to effectuate service. (*See generally* Mot. Dismiss).  Specifically, Defendant advances that delivery of a complaint and summons by mail are not permitted ways to effectuate service under the Fed. R. Civ. P. and NRCP.[2] (*Id.* 5:22–6:19).  The Court agrees.

Plaintiff did not effectuate service by mailing the Complaint and Summons.  "Service by mail is not permitted under Nevada or federal law." *Crain v. Mercedez Benz of USA*, No. 2:22-cv-00806, 2022 WL 1922075, at *1 (D. Nev. Nov. 10, 2022) (citing cases).  Because Defendant has not been properly served, the Court does not have jurisdiction over it.

---

[2] Defendant also contends that Plaintiff's Summons violated the NRCP and Fed. R. Civ. P. because it was not signed by the state clerk of court and did not bear the Nevada court's seal. (*Id.* 4:8–21).  "[S]ervice of a valid summons is necessary before the district court may exercise personal jurisdiction over the defendant, and to be valid a summons must indeed be signed by the clerk." *Silbaugh v. Chao*, 942 F.3d 911, 914 (9th Cir. 2019) (citing *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  Because Plaintiff's Summons was not signed by the clerk of court and did not bear the Nevada court's seal, the Court also finds that process was insufficient on this basis. *See Ondrisek v. City of Henderson*, No. 2:23-cv-00185, 2024 WL 216547, at *2 (D. Nev. Jan. 18, 2024) (finding the same).

Having concluded that service was insufficient, the Court must decide whether to dismiss Defendant or quash service and grant Plaintiff an opportunity to serve them. *See Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976). "Given Plaintiff's *pro se* status, dismissal is too harsh a remedy at this stage." *Fuentes v. National Tr. Co. Deutsche Bank*, No. 22-cv-04953, 2023 WL 2278701, at *4 (N.D. Cal. Feb. 27, 2023). The Court finds it appropriate to quash service and to grant Plaintiff sixty days to serve Defendant. Accordingly, Defendant's Motion to Dismiss is GRANTED and Plaintiff is hereby given sixty days to obtain proper process and complete service on Defendant.

**IV.**            **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 8), is **GRANTED**. Plaintiff is granted 60 days, until July 29, 2024, to effect service of process on Defendant. Failure to return the summons showing proof of service will result in automatic dismissal pursuant to Rule 4(m) without further notice.

The Clerk is kindly requested to provide Plaintiff a copy of this Order to both the email and physical addresses she provided on her Complaint (ECF No. 1-1) and also to the address Defendant provided for her:

Kellie Janderski
9100 West Flamingo Road
Las Vegas, NV 89147

kelliejandreski@gmail.com

Kellie Janderski
9100 West Flamingo Road, #2040
Las Vegas, NV 89147

**DATED** this ___28___ day of May, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT