UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KELLIE JANDRESKI,

          Plaintiff,

vs.

SMITH'S FOOD AND DRUG CENTERS, INC.,

          Defendant.

Case No.: 2:24-cv-00835-GMN-MDC

**ORDER GRANTING MOTION TO DISMISS**

Pending before the Court is the Motion to Dismiss, (ECF No. 15), filed by Defendant Smith's Food and Drug Centers, Inc. Plaintiff Kellie Jandreski filed a Response, (ECF No. 19), to which Defendant filed a Reply, (ECF No. 20).

Also pending before the Court is Defendant's Motion to Strike Plaintiff's Sur-Reply to Motion to Dismiss, (ECF No. 24). For the reasons discussed below, the Court **GRANTS** Defendant's Motion to Dismiss, and **GRANTS** Defendant's Motion to Strike.[1]

**I.  BACKGROUND**

This action arises from a series of workplace disputes between Plaintiff and her former employer, Defendant Smith's, that ultimately resulted in Plaintiff's termination. (*See generally* Compl., ECF No. 1). Plaintiff was employed by Defendant from October 2022 until she was terminated in November 2023. (*Id.* ¶¶ 5, 21, 22). The first dispute arose in May 2023, when Defendant scheduled Plaintiff below 16 hours a week, which was a significant reduction in her

---

[1] Plaintiff filed an improper sur-reply, (ECF No. 21), to supplement her opposition to Defendant's Motion to Dismiss. District Courts have the inherent power to control their own dockets, including the power "to determine what appears in the court's records." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404–05 (9th Cir. 2010). This includes the power to strike items from the docket. *Id.* at 404. Local Rule 7-2(g) states that "[a] party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause. The judge may strike supplemental filings made without leave of court." Plaintiff has neither moved the Court for an opportunity to supplement, nor has she shown good cause to do so. Accordingly, the Court did not consider Plaintiff's sur-reply and **STRIKES** it from the docket.

scheduled hours. (*Id.* ¶ 7). According to Defendant's company policy, employees who have been continuously employed for three months are guaranteed a minimum of 20 hours per week. (*Id.* ¶ 6). This policy is found in Defendant's Collective Bargaining Agreement ("CBA") with its employees, which the Court takes judicial notice of.[2] (*See generally* CBA, Ex. A to Mot. Dismiss, ECF No. 15-1).

While Plaintiff was being scheduled less hours, she alleges that everyone else in her department was being scheduled significantly more hours. (Compl. ¶ 10). After a few months of working a reduced schedule, Plaintiff contacted management to address Defendant's unfair scheduling practices. (*Id.* ¶ 11). Subsequently, Plaintiff experienced a change in how she was treated at work, and she became the target of slanderous comments. (*Id.* ¶ 12). The change in treatment and slanderous comments caused a hostile work environment and Plaintiff suffered from anxiety and emotional distress as a result. (*Id.*).

The next dispute arose when Defendant denied Plaintiff's time-off request to attend to "a medical situation." (*Id.* ¶ 13). Plaintiff came in to work on the day she requested off but left early. (*Id.* ¶¶ 13, 14). Plaintiff's supervisor gave her a verbal warning for leaving early and she once again contacted management to explain the situation. (*Id.* ¶ 15). Defendant then began scheduling Plaintiff for 20 hours per week. (*Id.*).

The last dispute arose after Plaintiff applied to, interviewed for, and received, a promotion. (*Id.* ¶¶ 16, 17, 18). During Plaintiff's first shift in her new role, a manager reprimanded Plaintiff for failing to follow a company policy. (*Id.* ¶¶ 18, 19). Plaintiff was

---

[2] On a Motion to Dismiss, courts may consider outside materials integral to and referenced within the complaint. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("We have extended the doctrine of incorporation by reference to consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance."). The CBA was not attached to Plaintiff's Complaint, but its contents are an integral part of Plaintiff's claims, and the Complaint makes reference to the CBA. As such, the Court may consider the CBA for purposes of deciding the pending matter.

wrongfully accused of committing the violation but was nevertheless suspended pending termination and was eventually terminated. (*Id*. ¶¶ 21, 22).

Plaintiff brings the instant action alleging claims for breach of contract, hostile work environment, retaliation, wrongful prevention of promotion, and defamation. (*See generally id*.).

## II. LEGAL STANDARD

Dismissal is appropriate under FRCP 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, FRCP 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant. . . undue prejudice to the opposing party by virtue of. . . the amendment, [or] futility of the amendment. . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III. DISCUSSION

Plaintiff's Complaint alleges claims for breach of contract, hostile work environment, retaliation, wrongful prevention of promotion, and defamation. Defendant moves to dismiss Plaintiff's claims for lack of subject matter jurisdiction and for failure to state a claim. The Court takes up each of Plaintiff's claims in turn.[3]

### A. Breach of Contract

Defendant moves to dismiss Plaintiff's breach of contract claim because it argues that the claim is preempted by the Labor Management Relations Act ("LMRA"), and that she otherwise fails to state a claim. (Mot. Dismiss 6:2–3, ECF No. 15).

"Section 301 of the [LMRA] preempts state law claims that are based directly on rights created by a collective bargaining agreement as well as claims that are substantially dependent on an interpretation of a collective bargaining agreement." *Beals v. Kiewit Pac. Co.*, 114 F.3d 892, 894 (9th Cir. 1997) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987)). In determining whether a claim is preempted, the Ninth Circuit "require[s]. . . an inquiry into whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA. If the right exists solely as a result of the CBA, then the claim is preempted, and our analysis ends there." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007).

Defendant argues that Plaintiff's breach of contract claim is preempted because it is based upon a right granted by the "Agreement Between Smiths [sic] Food and Drug Centers and UFCW Local 711, Las Vegas Retail Clerks," (the "CBA"). (Mot. Dismiss 6:4–5); (*see*

---

[3] In her Response, Plaintiff attempts to allege new claims under the Americans with Disabilities Act and the Family and Medical Leave Act. (*See generally* Resp., ECF No. 19). "In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). Thus, the Court does not consider the merit of these newly alleged claims.

*generally* CBA, Ex. A to Mot. Dismiss). Here, Plaintiff brings a claim for breach of contract based upon a provision of the CBA providing that certain employees will be "scheduled for at least twenty (20) of work in each workweek." (*See* CBA at 10, Ex. A to Mot. Dismiss); (Compl. ¶ 25). The Court finds no independent Nevada law that provides this same right to Plaintiff, meaning the basis for Plaintiff's breach of contract claim derives solely from a right granted to her in the CBA. Thus, the Court finds that Plaintiff's breach of contract claim is preempted by the LMRA.

To the extent that Plaintiff is attempting to bring a breach of the CBA under § 301 of the LMRA, the Court finds that such a claim also fails. "It has long been established that an individual employee may bring suit against his employer for breach of a collective bargaining agreement." *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163 (1983). But, "[p]rior to bringing suit, an employee seeking to vindicate personal rights under a collective bargaining agreement must first attempt to exhaust any mandatory or exclusive grievance procedures provided in the agreement." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 985–86 (9th Cir. 2007) (citing *United Paperworkers Int'l. Union, AFL–CIO v. Misco, Inc.*, 484 U.S. 29, 37 (1987) ("The courts have jurisdiction to enforce collective-bargaining contracts; but where the contract provides grievance and arbitration procedures, those procedures must first be exhausted and courts must order resort to the private settlement mechanisms without dealing with the merits of the dispute")).

Here, the CBA sets forth a mandatory grievance procedure that results in binding arbitration. (*See* CBA at 47–48, Ex. A to Mot. Dismiss). Plaintiff alleges that she filed multiple complaints with management and eventually contacted Defendant's Corporate offices regarding the issues she was experiencing at work. (Compl. ¶¶ 11, 15, 22). However, Plaintiff's Complaint is devoid of any allegations that she complied with the mandatory grievance procedure outlined in the CBA. (*See generally id.*). To the extent that Plaintiff attempts to set

forth a breach of the CBA under § 301 of the LMRA, the Court finds that such a claim does not state a claim to relief that is plausible on its face. Accordingly, the Court **DISMISSES** this claim, but grants Plaintiff leave to amend to cure any deficiencies.

### B. Hostile Work Environment

Defendant argues that Plaintiff's hostile work environment claim fails because Plaintiff does not allege that she belongs to a protected class or status. (Mot. Dismiss 8:2–3).

To begin, it is unclear from the Complaint whether Plaintiff is bringing a hostile work environment claim under Nevada law or Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"). Plaintiff's Response, however, makes clear that she is bringing her claim under Title VII. (*See* Resp. 2:24–3:5, ECF No. 19). Per Title VII, "[a] plaintiff bringing a hostile work environment claim must show discrimination by an employer on account of membership in a protected group under 42 U.S.C. § 2000e-2(a)(1)." *Sharp v. S&S Activewear, L.L.C.*, 69 F.4th 974, 978 (9th Cir. 2023) (quotation omitted). Plaintiff does not allege that she belongs to a protected class nor that she has a protected status. (*See generally* Compl.). Absent some protected status, or facts to support alleged harassment based on a protected status this claim fails to state a claim to relief that is plausible on its face. Thus, the Court **DISMISSES** this claim, but grants Plaintiff leave to amend to cure any deficiencies.

### C. Wrongful Prevention of Promotion

Defendant argues that Plaintiff fails to state a claim for wrongful prevention of promotion.[4] It is, again, unclear under which laws Plaintiff brings this claim pursuant to because Plaintiff generally avers that Defendant "wrongfully prevented the Plaintiff's promotion by engaging in discriminatory practices in violation of state and federal employment laws." (Compl. ¶ 37).

---

[4] The Court construes this as a Failure to Promote claim.

To the extent that Plaintiff brings her claim under Title VII, she must plead four elements: "(1) she belongs to a protected class; (2) she applied for and was qualified for the position to which she wished to be promoted; (3) despite her qualifications, she was denied a promotion to that position; and (4) the job went to someone outside the protected class." *Daevu v. San Mateo Cnty.*, No. C 09-0406 JL, 2010 WL 11582920, at *1 (N.D. Cal. May 6, 2010) (citing *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506 (1993)); *see also McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1122 (9th Cir. 2004)). Plaintiff's Complaint is insufficient to state a cause of action for discrimination based on failure to promote as it does not allege specific facts in support of the four elements of a prima facie case. To the extent that Plaintiff brings this claim under state law, the claim likewise fails because Nevada's comparable failure to promote laws are analyzed the same way as their federal counterpart in most instances. *Sternquist v. Humble Hearts LLC*, No. 2:19-cv-00448-JAD-BNW, 2021 WL 3134902, at *2 (D. Nev. July 23, 2021). And, to the extent that Plaintiff brings her claim pursuant to an alleged violation of the CBA, it is preempted by the LMRA for the same reasons discussed above. Thus, the Court **DISMISSES** this claim, but grants Plaintiff leave to amend to cure any deficiencies.

### D. Retaliation

Further, Defendant argues that Plaintiff fails to allege a cognizable retaliation claim under Title VII, or in the alternative, argues that the Court lacks subject matter jurisdiction to hear Plaintiff's retaliation claim if it is brought pursuant to the National Labor Relations Act ("NLRA"). Because Plaintiff's Response mentions only Title VII in regard to the retaliation claim, the Court construes such claim as being brought under Title VII rather than the NLRA. (*See* Resp. 3:7–14). As such, the Court need only address Defendant's arguments under FRCP 12(b)(6).

Similar to a hostile work environment claim, a retaliation claim under Title VII must allege a protected status or protected activity. *Learned v. Bellevue*, 860 F.2d 928, 932 (9th Cir. 1988) (explaining that in a Title VII retaliation claim "the underlying discrimination must be reasonably perceived as discrimination prohibited by Title VII."). As previously discussed, Plaintiff's Complaint does not allege that she has a protected status and does not plausibly allege any protected activity. Accordingly, this claim is **DISMISSED**, but Plaintiff shall have leave to amend to cure any deficiencies that she may be able to remedy.

### E. Defamation

Lastly, Defendant moves to dismiss Plaintiff's defamation claim for failure to state a claim. (Mot. Dismiss 11:10). To begin, Plaintiff fails to respond to any of Defendant's arguments to dismiss her defamation claim. (*See generally* Resp.); (*see Reply* 7:3–4, ECF No. 20). "On its own, Plaintiff's failure to file points and authorities in opposition to a motion constitutes consent that the motion be granted." *Gonzalez v. Bank of America*, N.A., No. 2:13-cv-00460, 2013 WL 3877708, at *2 (D. Nev. July 24, 2013) (citing Local Rule 7-2(d)). Notwithstanding Plaintiff's failure to oppose Defendant's arguments regarding this claim, the Court addresses the merits of Defendant's Motion.

To succeed on a defamation claim in Nevada, a plaintiff must prove: "(1) a false and defamatory statement of fact by the defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1148 (9th Cir. 2012) (quoting *Pope v. Motel 6*, 114 P.3d 277, 282 (Nev. 2005)). Here, the Complaint contains only a bare recitation of the elements of defamation. Plaintiff simply alleges that Defendant "made false and defamatory statements about the Plaintiff, both orally and in writing, which have been disseminated to third parties." (Compl. ¶ 34). And that "the false and defamatory statements have caused harm to Plaintiff's personal and professional reputation, resulting in damages,

including emotional distress and potential loss of future employment opportunities." (*Id.* ¶ 35). As such, Plaintiff's Complaint fails to explain or detail what Defendant said, in what way the statements were defamatory, and how the statements were published to a third person. The formulaic recitation of elements provided fails to meet the pleading standard, and dismissal is proper. *See Twombly*, 550 U.S. at 555. Therefore, Plaintiff's defamation claim is **DISMISSED**, and Plaintiff is given leave to amend this cause of action if she can allege additional facts sufficient to support the claim.

In sum, Defendant's Motion to Dismiss is **GRANTED**. Plaintiff shall be given leave to amend so she can attempt to cure any deficiencies.

### IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 15), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall have 21 days from the date of this Order to file an amended complaint.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike, (ECF No. 24), is **GRANTED**.

**DATED** this __30__ day of January, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court