**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KELLIE JANDRESKI, | |
| Plaintiff, | Case No.: 2:24-cv-00835-GMN-MDC |
| vs. | |
| SMITH'S FOOD AND DRUG CENTERS, INC., | **ORDER GRANTING MOTION TO DISMISS** |
| Defendant. | |

Pending before the Court is the Motion to Dismiss, (ECF No. 30), filed by Defendant Smith's Food and Drug Centers, Inc. Plaintiff Kellie Jandreski did not file a Response. For the reasons discussed below, the Court GRANTS Defendant's Motion to Dismiss.

This action arises from a series of workplace disputes between Plaintiff and her former employer, Defendant Smith's, that ultimately resulted in Plaintiff's termination. (*See generally* Compl., ECF No. 1). In a prior Order, the Court dismissed each of Plaintiff's claims under FRCP 12(b)(6) but provided Plaintiff with leave to file an amended complaint to cure any deficiencies. (*See* generally Order, ECF No. 29). The Court gave Plaintiff 21 days to file an amended complaint. (*Id.*). Plaintiff failed to file an amended complaint by the deadline and Defendant filed the pending Motion to Dismiss. The deadline to respond to the Motion to Dismiss was March 18, 2025. (*See* Minute Order, ECF No. 31). Plaintiff failed to respond to the Motion to Dismiss and Defendant filed a Notice of Non-Opposition informing the Court of such. (*See* Not., ECF No. 32). A day later, Plaintiff filed an amended complaint, which was ultimately stricken by Magistrate Judge Couvillier because it was filed past the deadline imposed by this Court.

The Court grants Defendant's Motion to Dismiss for two reasons. First, Plaintiff failed to respond to the Motion. *See* LR 7-2(d) ("[T]he failure of an opposing party to file points and

1  authorities in response to any motion. . . constitutes a consent to the granting of the motion."

2  Second, notwithstanding this deficiency, Plaintiff fails to establish excusable neglect to allow

3  her to file an amended complaint past the deadline imposed by the Court.  Under Federal Rule

4  of Civil Procedure 6(b)(1)(A), courts may "for good cause, extend the time. . . on motion made

5  after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ.

6  P. 6(b)(1)(B).  Plaintiff argues that excusable neglect exists due to her confusion regarding

7  federal and local rules. (Mot. Leave, ECF No. 37).  But the Court is unpersuaded.  The Court

8  was clear in its Order that Plaintiff had 21 days to file an amended complaint, but Plaintiff did

9  not amend by the deadline.  Additionally, the Court was clear in its *Klingele v. Eikenberry* and

10 *Rand v. Rowland* Minute Order that Plaintiff had 14 days to respond to Defendant's Motion to

11 Dismiss for failure to file an amended complaint, but Plaintiff did not respond.  Plaintiff's

12 assertion that she misunderstands the federal and local rules is unpersuasive when the Court

13 explicitly identified the deadlines for Plaintiff.  Thus, Plaintiff does not meet her burden of

14 establishing excusable neglect for filing her amended complaint over a month late and the

15 Court GRANTS Defendant's Motion to Dismiss.

16        Accordingly,

17        **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 30), is

18 **GRANTED**.

19        **IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.

20        **IT IS FURTHER ORDERED** that Plaintiff's Objection, (ECF No. 36), is **DENIED as**

21 **MOOT**.

22 ///

23 ///

24 ///

25

1      **IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Amended

2  Complaint, (ECF No. 37) is **DENIED as MOOT**.

3      The Clerk of Court is kindly directed to close the case.

4      **DATED** this ___16___ day of December, 2025.

5

6      _____

7      Gloria M. Navarro, District Judge
       United States District Court

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25